UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:17-cv-2709 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. KENDALL, et al., | |
| Defendants. | |

On April 24, 2019, the undersigned screened the first amended complaint and gave plaintiff the option of proceeding on the complaint as screened or amending the complaint. ECF no. 21. Plaintiff has now requested that the court proceed on his second amended complaint and appoint counsel. ECF No. 25.

In his motion, plaintiff asserts that he submitted a second amended complaint approximately eight months ago and requests that the court either proceed on that complaint or provide him thirty days to file an amended complaint if it was not received. Id. at 3. Although the court has received a number of filings from plaintiff, none is clearly identifiable as a second amended complaint. Plaintiff's motion will therefore be granted to the extent that he shall be given an opportunity to file an amended complaint and the Clerk of the Court will be directed to provide him with a copy of the complaint form used in this district.

Plaintiff has also requested the appointment of counsel. The United States Supreme Court

1

has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Plaintiff seeks counsel on the grounds that he was recently diagnosed with Asperger syndrome and suffers from traumatic brain injury. ECF No. 25. The request will be denied because the mere claim that plaintiff suffers from these conditions is not enough to establish exceptional circumstances warranting appointment of counsel. Furthermore, plaintiff has thus demonstrated his ability to articulate his claims. The motion will therefore be denied. If plaintiff chooses to file another motion for appointment of counsel, he should specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed with his second amended complaint (ECF No. 25) is granted to the extent that he is granted leave to file a second amended complaint.

2. Within thirty days of the service of this order, plaintiff may file a second amended complaint. The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint." Failure to file an amended complaint in accordance with this order will result in the case proceeding on the first amended complaint, as screened, and a recommendation that the claims against defendants Abrahms, Mcguire, Fuji, and the Doe

correctional officers, as well as the Equal Protection claim, claims under the Rehabilitation Act and state tort law, and claim for retaliation against Kendall for throwing out his property be dismissed without prejudice.

3. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

4. Plaintiff's motion for the appointment of counsel (ECF No. 25) is denied.

DATED: May 3, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE