UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS, | No. 2:17-cv-2709 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. KENDALL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On July 8, 2019, the court screened the second amended complaint and found that plaintiff has successfully stated claims against Kendall for excessive force; against Lord for failing to loosen plaintiff's handcuffs and leaving him in the sally port for hours without water, food, or access to a bathroom; against Nicolson for failing to do anything when plaintiff's handcuffs were too tight; against Robenson and Jane Doe for being deliberately indifferent when they ignored plaintiff's calls for help; and against Does 3 and 4 for denying him due process in relation to a disciplinary hearing. ECF No. 31 at 15. However, plaintiff's allegations against defendants Baughman, Ross, Voong, Abrahms, Mcguire, Fuji, and Does 1 and 2; his claims against Roberson and Jane Doe for conspiracy and giving him Haldol; and his claims against any defendant for retaliation or for the violation of the Civil Rights of Institutionalized Persons Act and state law, were found to be insufficient to state claims for relief. Id. Plaintiff was given the

1

choice between amending the complaint or proceeding immediately on his cognizable claims. Id. at 15. He was advised that a decision to proceed without amending the complaint would be considered a voluntary dismissal without prejudice of all of his claims against defendants Baughman, Ross, Voong, Abrahms, Mcguire, Fuji, and Does 1 and 2; against Roberson and Jane Doe for conspiracy and giving him Haldol; and his claims against any defendant for retaliation or for the violation of the Civil Rights of Institutionalized Persons Act and state law. Id. at 13. Plaintiff chose to proceed on the complaint as screened, though he noted he was proceeding "with apprehension due to feeling it may diminish the monitary [sic] value of [his] complaint," but that he felt it was the best that he could do without counsel. ECF No 34. In response to plaintiff's election, service of the complaint was ordered. ECF No. 35.

Plaintiff has now filed a "motion to add pain and suffering to the complaint as a supplemental addition." ECF No. 39. The motion to amend will be denied without prejudice because plaintiff has not provided a copy of the proposed amended complaint, and it is unclear what additional claims or allegations he may be seeking to include by "add[ing] pain and suffering to the complaint."

The motion also requests appointment of counsel on the ground that plaintiff has traumatic brain injury and autism. Id. This is the third such request plaintiff has made. The court has twice advised plaintiff that "the mere claim that plaintiff suffers from these conditions is not enough to establish exceptional circumstances warranting appointment of counsel" and that if he filed another request for counsel on these grounds he needed to "specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments." ECF No. 26 at 2; ECF No. 35 at 2. Plaintiff has once again failed to do either of these things and the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to amend and for appointment of counsel (ECF No. 39) is denied.

DATED: July 29, 2019

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2