UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. KENDALL, et al.,<br><br>    Defendants. | No. 2:17-cv-2709 AC P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. In response to this court's order, plaintiff has submitted a completed USM-285 form for defendant Robenson. ECF No. 48 at 2. He has also filed a motion for appointment of counsel. ECF No. 51.

I.    Service on Defendant Robenson

By order filed August 27, 2019, plaintiff was ordered to provide additional information about defendant Robenson so that he may be served. ECF No. 46 at 1. Plaintiff was explicitly advised that service of process had been unsuccessful "because no individual with that name and working at the prison at the time specified in the complaint could be identified." Id. Plaintiff has now submitted a USM-285 form for defendant Robenson. ECF No. 48 at 2. However, the only new information provided is that Robenson is an "African American C/O." Id. This defendant could not be identified by the name and approximate dates and location of employment already

provided; information about the defendant's race is not sufficient new information to identify him for service. Plaintiff must provide additional information such as an alternative name, badge number, address, or any other information which would help to definitively identify the defendant. Plaintiff shall promptly seek such information through discovery, the California Public Records Act, California Government Code § 6250, et seq., or other means available to plaintiff. If access to the required information is denied or unreasonably delayed, plaintiff may seek judicial intervention. The court will not attempt further service on defendant Robenson until plaintiff provides sufficient additional information with which to identify him. Failure to provide such information will result in a recommendation that defendant Robenson be dismissed from this action.

II.     Motion for Appointment of Counsel

Plaintiff has also submitted another request for the appointment of counsel.[1] ECF No. 51. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Plaintiff requests appointment of counsel on the ground that he has autism. ECF No. 51. This is

---

[1] Defendants request that the court take judicial notice of a March 31, 2016 order in another case denying plaintiff appointment of counsel based upon his mental health. ECF No. 53. The request will be denied because whether plaintiff's condition over three years ago warranted appointment of counsel has no bearing on whether his current condition requires appointment of counsel.

2

his fourth such request. See ECF Nos. 25, 33, 39.

Plaintiff has been previously advised that the mere claim that he has autism is not sufficient to warrant appointment of counsel, and that he must "specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments." ECF No. 26 at 2; ECF No. 35 at 2; ECF No. 40 at 2. In support of his motion, plaintiff has provided a dermatology evaluation that indicates that he has autism spectrum disorder and ADHD. ECF No. 51 at 3. However, neither the medical report nor the motion specifies how these impairments affect his ability to proceed in this case. Instead plaintiff has requested the court subpoena his treating clinician to testify on his behalf or that the court alternatively "google Autism/Asperger's" for guidance. Id. at 1. The court will not order prison mental health professionals to testify on plaintiff's behalf. Also, general information about autism does not tell the court how plaintiff himself is affected by the condition. Plaintiff needs to summarize in his own words how his conditions affect his ability to proceed in this case and provide copies of medical records that support such claims, not just records that show he is autistic. Because plaintiff has not shown how his conditions prevent him from proceeding in this case without assistance, the motion for appointment of counsel will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Within sixty days from the date of service of this order, plaintiff shall complete and submit the attached Notice of Submission of Documents to the court with the following documents:

   a. One completed USM-285 form for defendant Robenson that includes new information with which to identify defendant Robenson;

   b. One completed summons form.

2. If plaintiff cannot provide new information with which to identify defendant Robenson, he must show good cause why he is unable to do so.

3. Plaintiff's request for appointment of counsel (ECF No. 51) is DENIED without prejudice.

////

4. Defendants' request for judicial notice (ECF No. 53) is denied.

DATED: October 22, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | UNITED STATES DISTRICT COURT |
| 8 | FOR THE EASTERN DISTRICT OF CALIFORNIA |
| 9 | |

ANDRE WELLS,

    Plaintiff,

  v.

R. KENDALL, et al.,

    Defendants.

No. 2:17-cv-2709 AC P

NOTICE OF SUBMISSION OF DOCUMENTS

    Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

      __1__      completed summons form

      __1__      completed USM-285 form

DATED:

                                                                                 Plaintiff