UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>    Plaintiff,<br><br>    v.<br><br>R. KENDALL, et al.,<br><br>    Defendants. | No. 2:17-cv-2709 AC P<br><br>ORDER |

Plaintiff has filed a motion to strike defendants' request for judicial notice filed October 15, 2019 (ECF No. 53). ECF No. 57. Defendants' request was denied by the undersigned on October 22, 2019. ECF No. 56. Therefore, the motion to strike will be denied.

Plaintiff has also filed a supplement to his previously denied motion for appointment of counsel that will be construed as a renewed motion for counsel. ECF No. 58. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

*pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff once again seeks appointment of counsel on the ground that he has autism. ECF No. 58. In denying plaintiff's previous requests, the court advised that the mere claim that he had autism was not sufficient to warrant appointment of counsel and that plaintiff must "specify how his conditions prevent him from proceeding without assistance and provide medical documentation supporting his claimed impairments." ECF No. 26 at 2; ECF No. 35 at 2; ECF No. 40 at 2; ECF No. 56 at 3. In support of his motion, plaintiff asserts that because he is autistic he suffers from "rigid and perseverative thinking," struggles to understand and carry out complex issues, has "social deficits that complicate [his] social interactions," becomes overstimulated and his reactions may be misinterpreted by others, and struggles with changes in routine. ECF No. 58 at 2. These claims are supported by mental health progress notes. Id. at 4-8. However, plaintiff's claimed impairments are common to many prisoners, and though they understandably make pursuing this case without counsel more difficult, they do not demonstrate that he is incapable of doing so.

Plaintiff has thus far been able to adequately present his claims, despite his limitations. He has repeatedly amended his complaint in response to court orders. Defendants have been served. A settlement conference has been scheduled, and the case is currently stayed. At this stage of the case, the record does not support plaintiff's claim that he is unable to adequately represent himself or that his circumstances are otherwise extraordinary. Accordingly, the motion will be denied at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to strike (ECF No. 57) is DENIED.

////

////

2. Plaintiff's motion for appointment of counsel (ECF No. 58) is DENIED.

DATED: November 15, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE