UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>  Plaintiff,<br><br>  v.<br><br>R. KENDALL, et al.,<br><br>  Defendants. | No. 2:17-cv-2709 AC P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a request for judicial notice, a motion to serve additional defendants, and a motion for an extension of time to serve defendant Robenson. ECF Nos. 61-63.

Plaintiff's request for judicial notice of the evidence he submitted in support of his motion for counsel will be denied. The court has already considered the motion for counsel and the evidence submitted to support the motion and the motion was denied. ECF No. 60.

Plaintiff also requests an order to serve additional defendants who he claims have conspired to retaliate against him for participating in an excessive force interview. ECF No. 62. Although the undersigned found that plaintiff had stated claims against some Doe defendants and directed him to move to substitute them with named defendants as soon as possible (ECF No. 31 at 12), it is not clear that that is what plaintiff is attempting to do. To the extent he is, the motion is not proper. Plaintiff has not identified which Doe defendants he is seeking to substitute with

which named defendants, and the complaint did not state any viable claims for relief for conspiracy or retaliation. ECF No. 31. Plaintiff cannot simply add additional defendants to the complaint. He may only substitute named individuals for defendant nurse Jane Doe, who he claims denied him medical care on January 3, 2017, and John Does 3 and 4, who he claims denied him due process in his disciplinary hearing and appeal. Id. at 8-9. The motion to serve additional defendants will therefore be denied.

Finally, plaintiff has filed a motion for an extension of time to serve defendant Robenson. ECF No. 63. After process directed to defendant Robenson was returned unserved because no individual with that name and working at the prison at the time specified in the complaint could be identified, plaintiff was ordered to provide additional information to enable service on Robenson. ECF No. 46. Plaintiff then provided service paperwork that stated that Robenson was an "African American C/O" (ECF No. 48 at 2), but was advised that that information was insufficient and that he needed to "provide additional information such as an alternative name, badge number, address, or any other information which would help to definitively identify the defendant" (ECF No. 56 at 1-2). He was once again directed to "seek such information through discovery, the California Public Records Act, California Government Code § 6250, et seq., or other means available." Id. at 2. Plaintiff now asserts that counsel for defendants has refused to participate in discovery other than to allow plaintiff to listen to the audio recording of the incident, and, as a result, he is unable to obtain any information to assist him in discovering Robenson's real identity. ECF No. 63.

Because this case is currently referred to the Post-Screening ADR Project and stayed pending the January 8, 2020 settlement conference, the parties are not to engage in formal discovery and informal discovery is optional. ECF No. 50. Since discovery is likely the most accessible method for plaintiff to attempt to identify defendant Robenson, the motion for extension will be granted and plaintiff's deadline for submitting additional information regarding Robenson will be extended to sixty days after a discovery and scheduling order issues. However, plaintiff should attempt to utilize other methods of obtaining information, such as the California

////

2

Public Records Act, to seek more identifying information regarding Robenson and provide such information as soon as possible.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice (ECF No. 61) is denied.
2. Plaintiff's motion to serve additional defendants (ECF No. 62) is denied.
3. Plaintiff's motion for an extension of time (ECF No. 63) is granted. Plaintiff shall have sixty days from the issuance of a discovery and scheduling order to provide service paperwork that includes new information with which to identify defendant Robenson.

DATED: November 21, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE