UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>        Plaintiff,<br><br>   v.<br><br>R. KENDALL, et al.,<br><br>        Defendants. | No. 2:17-cv-2709 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed another request for appointment of counsel. ECF No. 69.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to

1

most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

Plaintiff has once again requested the appointment of counsel based on the ground that he is autistic. ECF No. 69. As plaintiff has been advised on numerous occasions, the mere claim that he has autism is not sufficient to warrant the appointment of counsel. ECF No. 26 at 2; ECF No. 35 at 2; ECF No. 40 at 2; ECF No. 56 at 3; ECF No. 60 at 2. The court has also previously noted that plaintiff has been able to adequately present his claims up to this point despite his limitations. ECF No. 60 at 2. Furthermore, this case is currently scheduled for a settlement conference on January 8, 2020, and plaintiff's filings demonstrate that he should be capable of representing himself at the settlement conference without the assistance of counsel.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 69) is denied.

DATED: December 11, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE