UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE WELLS,<br><br>    Plaintiff,<br><br>v.<br><br>R. KENDALL, et al.,<br><br>    Defendants. | No. 2:17-cv-2709 JAM AC P<br><br><br>ORDER |

By order filed September 25, 2019, this case was referred to the Post-Screening ADR Project and the case was stayed for 120 days. ECF No. 50. A settlement conference was held on January 8, 2020, and the parties agreed to the dismissal of defendant Nicolson only. ECF No. 77. The stay will therefore be lifted and defendants Kendall and Lord will be required to answer the second amended complaint.

Also before the court are plaintiff's objections to defendants' allegedly bad faith conduct, ECF No. 70, and defendants' motion to strike the objections, ECF No. 71. In his objections, plaintiff claims that defense counsel told plaintiff he would be given an opportunity to listen to the recording of the telephone call that he was in the middle of at the time of the incident with defendant Kendall. ECF No. 70. However, rather than being allowed to listen to the call, plaintiff was shown the use of force video in what he claims was a show of bad faith. Id. Defendants move to strike the objections on the ground that they are an unauthorized filing. ECF

1

No. 71. They further assert that plaintiff was allowed to listen to the phone call three days after he reviewed the video. Id. at 2. Plaintiff subsequently filed additional objections and a response to the motion in which he admits he was given an opportunity to listen to the recording, but alleges the recording was altered. ECF Nos. 73, 75.

Defendants' motion to strike will be granted. As they point out, plaintiff's objections are not an authorized filing since they are not a motion or other type of filing contemplated by the rules. Furthermore, in staying the case, the court also explicitly ordered that there would be no formal discovery, and therefore, contrary to plaintiff's assertion, he was not entitled to any discovery prior to the settlement conference. The purpose of the Post-Screening ADR Project is to attempt to resolve cases more quickly and less expensively, which is part of why the settlement conferences are scheduled prior to the opening of discovery. Since this case will now be moving forward, once defendants Kendall and Lord answer the complaint, a discovery and scheduling order will issue and discovery will open. At that time, plaintiff may make requests for discovery to defendants and bring any discovery motions he believes are necessary.

Accordingly, IT IS HEREBY ORDERED that:

1. The stay of this action, commenced September 25, 2019, ECF No. 50, is lifted.

2. Within twenty-one days of the filing of this order, defendants Kendall and Lord shall file a response to the complaint.

3. Defendants' motion to strike plaintiff's objections, ECF No. 71, is granted.

4. The Clerk of the Court is directed to strike plaintiff's objections, ECF No. 70, from the record.

DATED: January 9, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2